IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

SHONDA LIPSCOMB,                }
                                }
    Plaintiff,                  }
                                }         CIVIL ACTION NO.
v.                              }
                                }         98-AR-0206-M
CITY OF GADSDEN, ALABAMA,       }
et al.,                         }
                                }
    Defendants.

FILED
99 DEC 28 PM 12:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 28 1999

**MEMORANDUM OPINION**

The court has before it a motion for summary judgment filed by defendant, Greater Gadsden Housing Authority ("Housing Authority"), and a joint motion for summary judgment filed by defendant, City of Gadsden ("City"), and all of the defendants who were police officers of the City at the time of the events complained of. The only remaining plaintiff is Shonda Lipscomb ("Lipscomb"), whose case was not tried when the cases of the other plaintiffs were tried only because Lipscomb was then a defendant in a pending criminal action and there were Fifth Amendment implications. Nevertheless, Lipscomb unexpectedly testified. Although Lipscomb was convicted of maintaining a disorderly house in a court of misdemeanor jurisdiction after the arrest about which she here complains, she appealed her conviction for a trial *de novo,* after which there have been three jury mistrials of her criminal case.

Lipscomb has now indicated her willingness to proceed to the trial of her above-styled civil case even though her criminal case has not been concluded. In view of her having testified earlier in the case, there was no reason not to have tried her case then. Defendants contend that they are entitled to judgment as a matter of law against Lipscomb on the undisputed facts.

Lipscomb's case against the Housing Authority and the City can be no better than the cases of the other plaintiffs whose cases were unsuccessful. Rule 50(a), F.R.Civ.P., motions were granted in favor of the Housing Authority and the City at the conclusion of the evidence at the earlier trial.

At page 13 of Lipscomb's brief in opposition to the Housing Authority's and the City's motions for summary judgment, Lipscomb says:

> The Plaintiff intends to show that the actions of the Defendants were the result of customs, practice and habit of the Defendants, City of Gadsden, and the Greater Gadsden Housing Authority.

In defending a public corporation's motion for summary judgment based on *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2818 (1978), in a case brought pursuant to 42 U.S.C. § 1983, a plaintiff must do more than to promise to provide evidence that will satisfy *Monell*. Because public corporations cannot be liable under 42 U.S.C. § 1983 based on *respondeat superior*, a plaintiff at the Rule 56 stage must

present **evidence** to demonstrate an avenue or avenues that meet *Monell*. Lipscomb has offered nothing except a promise to do so. This is simply not enough.

Why Gayle Eaker, Willie Jimeinez, Allan Ragan, Kenneth Keener, Rodney Holiday, and Scott Farris, did not file motions for summary judgment in defense of the § 1983 claims against them before their earlier trial remains a mystery. The only reason the court did not grant the said individual defendants' qualified immunity motions submitted pursuant to Rule 50(a), F.R.Civ.P., at the conclusion of the evidence is that this court believed, and still believes, that a qualified immunity defense is supposed to be presented and decided **before trial**. The whole reason for granting qualified immunity is to avoid the burden of a trial. Apparently the individual defendants and their counsel have now waked up to this procedural fact and this principle of law, because they have properly raised their qualified immunity defense to Lipscomb's claim by Rule 56 motion.

Construing the evidence in favor of Lipscomb, none of the individual police officer defendants had any unequivocal warning from any court whose opinions are binding on them that what they were about to do *vis-a-vis* Lipscomb constituted a violation of some principle of federal constitutional law. They may have overreacted to a neighbor's complaint of excessive noise in a housing project apartment, but a mere mistake of judgment, if that is what it was,

does not a § 1983 cause of action make. *See Lassiter v. Alabama A&M University, Bd. of Trustees*, 28 F.3d 1146 (11th Cir. 1994).

Insofar as the state law tort claims are concerned, the court simply adopts what it said orally in addressing the Rule 50(a) motions submitted at the conclusion of the evidence at the earlier trial, and upon which the court dismissed the pendent state law claims brought by other plaintiffs. Apparently Lipscomb anticipated this outcome because she has not argued any claim except her § 1983 claim. The fact that the pendent claims are unsupported by evidence renders academic the special defense asserted by the City, namely, that Lipscomb failed to file the proper and timely notice with the City of a tort claim under Alabama law. Lipscomb's lower court conviction for running a disorderly house would have lost its significance if Lipscomb had been acquitted upon trial *de novo*. At Lipscomb's request, this court patiently awaited a final resolution of her criminal case. Apparently Lipscomb grew as weary as this court did of the wait. It is difficult, if not impossible, to linger longer. It is just as difficult, if not impossible, not to attach some significance to Lipscomb's lower court conviction. Ordinarily, a conviction constitutes a defense to claims of false arrest and false imprisonment. Even without the conviction as an absolute defense, this court finds no evidence upon which a reasonable jury could find anything but a justifiable entry of Lipscomb's premises and Lipscomb's arrest, or a mere mistake of

4

judgment by the police officers not rising to the level of the intentional torts alleged by Lipscomb.

An appropriate separate order granting summary judgment will be entered.

DONE this 28th day of December, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

5